Bradley, J. (dissenting.)
The following are my reasons briefly stated for not agreeing with the majority of the court:
When the plaintiff’s intestate entered the employment of the defendant he assumed the usual hazards of the service; but not the peril to which the negligence of defendant should subject him. His duties were those of brakeman. As such he was upon a freight train which left the yard near Syracuse in the evening of February 14, 1888, and the inference was warranted that he was struck by a bridge under which the train passed, and in that manner received the injury resulting in his death. He had been in the service of the defendant since the 6th of that month, and previously from about November 1 to December 20, 1887. And during those times he had frequently passed as brakeman upon the defendant’s freight trains under this bridge. The question presented on this review is whether there was evidence sufficient to support a recovery by the plaintiff. The defendant had failed to perform the duty imposed upon it by the statute, which provides that “Every steam railroad shall within six months after the passage of this' act erect and thereafter maintain such suitable warning signals at every low bridge or structure which crosses the railroad above the tracks where such warning signals may be necesssary for the protection of employees on top of cars from injury.” Laws 1884, chap. 439, § 2. There were not and so far as appears never had been any warning signals at this bridge. None in fact were necessary for the purposes of the defendant’s cars, as it was so high as to permit a brakeman to stand upon them without danger of in *944 jury in passing under it But when the defendant put into its trains for passage under the bridge certain box cars, other than its own, which were so high as not to permit a brakeman standing upon them to' pass under it, the duty arose under the statute, if the necessity for it-did not before exist, to place suitable warning signals there for his protection. This was the situation in the present case. There were cars known as blue line refrigerator cars; and Kansas City refrigerator cars, which the defendant was running on its road, and they were from one foot seven and a half inches to one foot and eleven inches higher than the common box cars of the defendant. Some of those higher cars were in the train at the time in question, and it may be inferred that the injury to the deceased resulted from his standing on one of them when the train was proceeding under the bridge. The conclusion was warranted that the defendant was chargeable with negligence for its omission to provide the warnings as directed by the statute before mentioned. And the further question is whether the jury were by the evidence permitted to find that plaintiff’s intestate was from contributory negligence. He knew the bridge was there and had such knowledge of its height as his observation had given him. He had been under it on trains without injury. So far the case of Williams v. D., L. & W. R. R. Co., 116 N. Y, 628; 27 N. Y. State Rep., 760, is applicable; but the bridge there referred to was not of sufficient height' to permit a person standing on top of the ordinary box car of the company to pass under it. In that case the injury occurred in the day time when the brakeman could see the bridge as well as the situation, and his coming in collision with it was attributable to inattention. And at that time there was no statutory duty of the railroad company to place warning signals at any bridge, and consequently it was not chargeable with negligence in that respect.
The situation in the present case was quite different, not only in the respects before mentioned, but it was dark and "stormy when the train approached the bridge. And although there was evidence tending to prove that early in. November, the deceased was brakeman on a train containing some of these higher cars which passed under the bridge, the evidence was not such as to-require the jury to find that he had ever .before",the. time' of the injury been upon the top of a train' containing'.such high cars when it passed under the'bridge The; distinction between this- and the Williams case", therefore, .is .such_as, to- Render the latter quite inapplicable to the question here.- Itlmay be assumed, that the deceased had passed under this bridge; ¡many times, standing on the top of box cars in trains on which lie vas bnafceman. And as the defendant so changed the.situation by' thñmss of higher cars, as to render it perilous for him .to 'o'BBMj^r as UspI his plaice of duty upon the train, and negligently onfifedi fe> ptoyiSb iEhe statutory warning for his protection, the 'conclusion o_f the; jury was permitted, that the negligence of the. defendant was. the sctl'e cause of the injury sustained by the plaintiff’s intestate. This is deemed so because the inference is fairly deduciMliSi SziDm. th&exh *945 deuce that he was not, under the circumstances, chargeable with any want of due care on the occasion.
My view, therefore, is that the question of contributory negligence was for the jury, and that the order should be reversed and judgment directed for the plaintiff on the verdict.
Judgment affirmed, with costs.